[988 NYS2d 882]

In the Matter of JOHN E. TIFFANY (Admitted as JOHN EDWARDS TIFFANY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 9, 2014

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Supreme Court of New Jersey, by order filed February 8, 2013 (213 NJ 37, 59 A3d 597 [2013]), suspended the respondent from the practice of law for three months, effective immediately, for violating New Jersey Rules of Professional Conduct (hereinafter RPC) rules 1.1 (a) (gross neglect) and (b) (pattern of neglect), 1.3 (lack of diligence), 1.4 (b) (failure to keep client informed about the status of the matter and respond to requests for information) and (c) (failure to provide sufficient information to enable client to make informed decisions) and 8.4 (c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). The order was predicated on a corrected decision of the Disciplinary Review Board (hereinafter DRB) decided December 12, 2012, in docket No. DRB 12-217. The DRB received the case on a certification of default, filed by the Office of Attorney Ethics (hereinafter OAE).

The respondent was admitted to the New Jersey bar in 1992. He maintained a law office in Newark. He was temporarily suspended by the New Jersey Supreme Court on February 8, 2012.

The OAE charged the respondent with gross neglect, lack of diligence, and failure to communicate with respect to three client matters; conduct involving fraud with respect to one client matter; failure to make reasonable efforts to expedite litigation with respect to one client matter; and engaging in a pattern of neglect. The above allegations were deemed true as a result of the respondent's default. The DRB concluded that the respondent exhibited gross neglect in his handling of all three matters, which amounted to a pattern of neglect. It concluded that the respondent's misconduct, coupled with his default, warranted a three-month suspension.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a no-

tice pursuant to 22 NYCRR 691.3 informing him of his right to, within 20 days, file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c). Although duly served by the Grievance Committee on January 22, 2014, the respondent neither filed a verified statement asserting any of the enumerated defenses nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Based on the findings of the Supreme Court of New Jersey, reciprocal discipline is imposed and the respondent is suspended from the practice of law for a period of six months.

New York State Office of Court Administration records reflect that the respondent is delinquent in his biennial registration fees for the periods 2010-2011 and 2012-2013. Accordingly, any future application for reinstatement shall be accompanied by proof of payment of attorney registration fee arrears, as well as payment for the current registration period.

MASTRO, J.P., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, John E. Tiffany, admitted as John Edwards Tiffany, is suspended from the practice of law for a period of six months, commencing August 11, 2014, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than one month prior to expiration date, and any application for reinstatement shall be accompanied by proof of payment of attorney registration fee arrears as well as payment for the current registration period. In such application, the respondent shall furnish satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, John E. Tiffany, admitted as John Edwards Tiffany, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the re-

spondent, John E. Tiffany, admitted as John Edwards Tiffany, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John E. Tiffany, admitted as John Edwards Tiffany, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).